UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1575 HEA |
| | ) | |
| ASRC COMMUNICATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for an Injunction Against

Workplace Harassment, [Doc. No. 74] and Plaintiff's Motion for an Injunction

Against Workplace Harassment, [Doc. No. 78]. These motions are identical, except

that the later filed motion includes exhibits. For the reasons set forth below, the

Motions are denied.

## Plaintiff's Allegations

Plaintiff seeks injunctive relief against former Defendant National Geospatial

Intelligence Agency.[1] Plaintiff claims that she worked as a government employee at

NGA from 1978 to 2003. According to the Motion, Plaintiff took an early

---

[1] Contemporaneously with this Opinion, Memorandum and Order, the Court, in a separate Opinion, Memorandum and Order, addresses Defendant National Geospatial Intelligence Agency's Motion to Dismiss.

retirement on a "Constructive Discharge discrimination complaint because of workplace harassment while an employee of NGA." Plaintiff also alleges that she was subject to "workplace harassment" during the years preceding the end of her employment with NGA. Plaintiff alleges that she filed an EEO Complaint against NGA around April 15, 2009. Plaintiff alleges that she became a non independent contractor for CACI Corp. at NGA September 9, 2009.[2] She further alleges that on May 18, 2009, she was told by CACI that she would be cut from the contract with NGA due to a lack of funds and that her last day of work would be August 3, 2009. Plaintiff then alleges that NGA's actions were discriminatory because it hired a white female contractor into her office shortly after she filed her EEO complaint.

## Discussion

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059,

---

[2] The Court believes that this date may include a typographical error, in that the events of which Plaintiff complains occur prior to September 3, 2009.

1065 (8th Cir.1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir . 2000) (citing *Dataphase*, 640 F.2d at 114).

No one factor is dispositive of a request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir.1987). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id*. In this case, the Court finds that the Dataphase factors have not been satisfied, and a preliminary injunction will not issue.

The first Dataphase factor weighs in against Plaintiff. Plaintiff alleges that she no longer works for Defendant NGA and that CACI advised her of the end of her non contractor status as of August 3, 2009. Nowhere in these allegations does Plaintiff connect the reasons given by CACI for no longer utilizing Plaintiff as a non

contractor with any action taken by Defendant NGA.  Plaintiff alleges various

claims against NGA, however the relevant termination was allegedly performed by

CACI; at the point at which Plaintiff's services were no longer needed, Plaintiff had

not been an employee of NGA for several years.  Nothing in Plaintiff's request for

injunctive relief indicates that Defendant NGA had anything to do with Plaintiff's

release from CACI as a non independent contractor.

The second factor also weighs against Plaintiff.  Plaintiff fails to set forth any

irreparable harm she will suffer at the hands of any action taken by Defendant NGA.

Likewise, the final two factors also weigh against Plaintiff.  As previously stated,

Plaintiff no longer works for NGA, therefore, the Court is at a loss as to what harm

Plaintiff suffers at the "hands" of NGA.  An extremely strained interpretation of

Plaintiff's allegations seems to indicate that NGA had some role on the August 3,

2009 end date of Plaintiff's non contractor status with CACI, however, there is

nothing presented in this record which could possibly support this interpretation.

Plaintiff simply fails to present any basis upon which the Court could enter

injunctive relief and the allegations fail to advise the Court what actions exactly

Plaintiff is seeking to enjoin.  Likewise, were the Court to enter an injunction

against NGA, the harm to NGA would clearly outweigh any harm being allegedly

suffered by Plaintiff because NGA would be unable to ascertain what it was ordered

to do.

## **Conclusion**

All four factors weigh against Plaintiff. In the final analysis, Plaintiff seeks an equitable remedy without supporting evidence that she is entitled to such.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction [Doc. No.'s 74 and 78], are **DENIED**.

Dated this 4th day of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE