UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV1575 HEA |
| ASRC COMMUNICATION, et al., | ) ) ) |
| Defendants. | ) ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant National Geospatial Intelligent Agency's, (NGA), Motion to Dismiss, [Doc. No. 82]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Relevant Background

On April 27, 2009, Plaintiff filed her "Request [for] Leave to File a Motion for Continuance" in which Plaintiff requested leave to file a continuance to add Defendant NGA as a party to this lawsuit. The Court granted this request on April 30, 2009 and ordered Plaintiff to amend her pleadings to reflect the additional party. On May 8, 2009, Plaintiff filed her "Amendment to Complaint to Join A Party," which contained no allegations against NGA, with the exception of twice identifying it as "the U.S. Government." Defendant moves to dismiss the Complaint

against it for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Discussion**

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Plaintiff's Amended Complaint fails even the minimal standards required to

state a plausible claim against NGA.  There are absolutely no allegations against it such that this Court can even ascertain whether Plaintiff can state a cause of action against NGA in light of the government's sovereign immunity and any applicable waiver thereof.  The Court does not reach NGA's sovereign immunity arguments because there are no allegations against NGA in the Complaint from which to determine whether Plaintiff can overcome the sovereign immunity bar. Simply stated, nothing in Plaintiff's allegations have anything to do with the NGA.

While Plaintiff has outlined in her response to the motion to dismiss her belief that the security guards who escorted Plaintiff from the premises violated her rights, such explanation does not relieve Plaintiff of the need to set forth in her Complaint sufficient allegations which would demonstrate that this Court has subject matter jurisdiction over NGA and that Plaintiff can state a plausible claim against NGA. The Complaint before the Court fails to satisfy these minimal pleading requirements. As such, Defendant NGA's motion to dismiss is well taken.

## **Conclusion**

Based upon the foregoing, Defendant NGA's Motion to Dismiss will be granted.  Plaintiff's Complaint fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure against Defendant NGA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant National Geospatial Intelligence Agency's Motion to Dismiss, [Doc. No. 82], is **GRANTED.**

Dated this day 4th of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE