UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALICE ALLEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:08CV1575 HEA |
|  | ) |  |
| ASRC COMMUNICATION, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant NJVC, LLC's Motion to Dismiss, [Doc. No. 100]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is denied.

### **Relevant Factual Background**

On May 8, 2009, Plaintiff filed a Third Amended Complaint in this matter alleging claims against NJVC for defamation, violation of her freedom of speech and violation of her right to due process.

Plaintiff had previously filed a second suit against NJVC on March 13, 2009 alleging NJVC was liable to her because her termination from Omen violated Title VII. Plaintiff filed a Motion to Strike her Title VII claims from the second action on August 10, 2009. This motion was granted on August 11, 2009. On August 14,

2009, Plaintiff also filed a Motion to Strike in her first action. Plaintiff sought to dismiss NJVC from Counts II (Freedom of Speech) and III (Violation of Due Process). The Court granted this motion on August 17, 2009. This left only the defamation count against NJVC in the original proceeding. Defendant's Motion to consolidated these two actions was granted on February 19, 2010.

NJVC now moves to dismiss the remaining claim for defamation for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **Discussion**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130

S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although pro se complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of

advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

Under Missouri law, in a defamation claim, a plaintiff must establish: "'1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation.'" *Johnson v. Allstate Indem. Co*, 278 S.W.3d 228 (Mo.App. 2009), quoting, *State ex rel. BP Products N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. banc 2005); see also, *Ruzicka Elec. And Sons, Inc. v. Int'l Bhd. Of Elec. Workers, Local 1, AFL-CIO*, 427 F.3d 511, 522 (8th Cir. 2005);

Defendant argues that Plaintiff's claim fails for a number of reasons. It urges that the Third Amended Complaint fails to set forth that Defendant published the allegedly defamatory statement to a third party. It claims that Plaintiff merely alleges that "[d]efendants terminated Plaintiff, alledging [sic] Plaintiff had threaten [sic] a government official through an email."

On closer examination of the Third Amended Complaint, however, Plaintiff sets out that Defendants "openly accused Plaintiff of threating [sic] a U.S. Government Official and engaging in conduct that resulted in terminated [sic] of

Plaintiff [sic] employment with her companys' [sic] Omen Inc." Plaintiff further alleges that "Defendants' statement was purposefully calculated to damage Plaintiff [sic] reputation, career, to expose Plaintiff to financial injury and to impeach plaintiffs' [sic] integrity, virtue [sic] reputation and to expose plaintiff to public ridicule and shame[;]" and that "Defendants was [sic] well aware of the fact that Plaintiff would be seeking future contractual employment with the same government agency with her company after termination. Defendants knew that other companies will question my reason for being terminated."

While Plaintiff does not specifically set out that the allegedly defamatory statement was "published to a third person," it can be inferred from her allegations, for the purposes of this Motion to Dismiss, that the statement was indeed published to, for instance, her employer, Omen Inc.

Defendant claims that this action should be dismissed based on qualified privilege. Defendant claims that any statements made, even assuming a publication, were protected and that it did not lose the privilege.

A communication is qualifiedly privileged if it is made in good-faith upon a subject matter which the declarant has an interest or in reference to which he has a duty, to a person having a corresponding interest or duty, even though it contains matter which absent such privilege would be actionable. *Rice v. Hodapp*, 919

S.W.2d 240, 244 (Mo. banc 1996). The rationale is that a qualified privilege arises from the necessity for full and unrestricted communication concerning the matter in which the parties have the interest or duty. *Deckard v. O'Reilly Automotive, Inc.*, 31 S.W.3d 6, 16 (Mo.Ct.App.2000). Whether a qualified privilege exists is a matter of law to be decided by the trial court. *Rice*, 919 S.W.2d at 244. The circumstances and relationships that give rise to such a qualified privilege are also a matter of law to be determined by the trial court. *Deckard*, 31 S.W.3d at 16.

If a defendant establishes a qualified privilege a plaintiff can overcome it by proving by clear and convincing evidence that either (1) the defendant made the defamatory statement in bad-faith or with actual malice, or (2) that the statement made exceeded the requirements of the situation. *Id*. To prove actual malice the plaintiff must show the statement was made with knowledge that it was false or with reckless disregard for the truth at a time when the defendant had serious doubts as to whether it was true. *Id*.

The Court cannot dismiss this Complaint at this stage of the litigation based on qualified privilege. Plaintiff has alleged that Defendant's actions were "purposely calculated" to cause injury to Plaintiff. This allegation, construing it in the light most favorable to Plaintiff, raises a question of fact with respect to the requisite malice necessary to avoid the qualified privilege.

Defendant also argues that the statement is absolutely privileged because it is an opinion under the First Amendment. Defendant cites *Ruzicka* and *Hammer v. City of Osage Beach*, 318 F.3d 832, 842-44 (8th Cir. 2003). Those cases, however, discussed the two part test for determining whether a statement qualifies as an opinion in relation to surviving summary judgment motions. In this case, the question currently before the Court is whether Plaintiff has sufficiently alleged a cause of action under the Rule 12(b)(6) standard. As such, the Court may not engage in an analysis of whether the alleged statement constitutes an opinion.

Defendant urges dismissal based on truth. Once again, this argument is based on a determination of fact. While Defendant attempts to resolve this factual issue in its Motion to Dismiss, such a determination is premature. This Court cannot resolve whether the statement made by Defendant regarding the "threat to a government officer" was the truth at this stage of the litigation.

## **Conclusion**

Plaintiff's *pro se* Third amended Complaint, construed liberally and in the light most favorable to Plaintiff withstands Defendant's Motion to Dismiss for failure to state a claim. The Court makes no determination of the merits of Plaintiff's claim, rather, this finding is based on the applicable standards for determining solely whether the Complaint apprises Defendant of her cause of action

such that Defendant can answer the Complaint. It in no way relieves Plaintiff of the necessary proof her claim of defamation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant NJVC's Motion to Dismiss, [Doc. No. 100], is **DENIED**.

Dated this 8th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE